United States District Court
Southern District of Texas
ENTERED
JUN 1 4 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUN 1 4 2004
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD KENT HAUERSPERGER, <br> A.K.A., EDWARD LAFONTAINE, <br> A.K.A., EDWARD KENT HAUERSPEGER <br><br> Petitioner, <br><br> v. <br><br> YOLANDA DE LEON, et al, <br><br> Respondents. | § § § § § § § § § § § § | MISC. ACTION NO. B-04-010 |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Edward Kent Hauersperger has filed a federal petition for habeas relief pursuant to 28 U.S.C. § 2254. As set out in detail below, Petitioner's claim for relief should be denied and his Section 2254 petition should be dismissed because it is a "successive" petition that has been filed without the permission of the United States Court of Appeals for the Fifth Circuit as required by 28 U.S.C. §§ 2244(b)(2) and (b)(3)(A). Furthermore, Petitioner should be cautioned that future frivolous filings may invite the imposition of sanctions and that, depending on the circumstances, the filing of additional habeas petitions or pleadings may constitute abuse of the writ.

### BACKGROUND

Petitioner Edward Kent Hauersperger is in state custody pursuant to a judgment and sentence from the 138th District Court of Cameron County, Texas, in cause number 96-CR-1627-B, which is styled as follows: *The State of Texas v. Edward K. LaFontaine, AKA: Edward Kent Hauersperger.*

In 96-CR-1627-B, Hauersperger was charged with felony sexual assault. He entered a plea of "not guilty" to the charge before a jury. On April 4, 1997, the jury, finding him guilty, sentenced Hauersperger to ten years imprisonment, which was then probated for that same time period. Hauersperger did not appeal the judgment on the jury's verdict of guilt. His probation was subsequently revoked on May 10, 1999, for violating conditions of his probation. As a result of his probation violation, the trial court sentenced Hauersperger to ten years imprisonment.

Although he did not appeal his judgment of guilt, Hauersperger did appeal the result of his revocation hearing. On March 1, 2001, the Thirteenth Court of Appeals of Texas affirmed the judgment of the trial court regarding the revocation proceeding in an unpublished opinion. *See LaFontaine v. State*, No. 13-99-00329-CR (Tex. App.–Corpus Christi 1999, *no pet.*), 2001 Tex. App. LEXIS 1387; *Ex parte LaFontaine*, Application No. 52, 015-01 at 56-66 (copy of appellate opinion). A motion for rehearing was overruled on April 12, 2001, and Hauersperger did not file a petition for discretionary review ("PDR").

Hauersperger filed a state court application for habeas corpus relief challenging the sexual assault conviction on January 29, 2002. The Texas Court of Criminal Appeals dismissed the application on April 24, 2002, due to the fact that his direct appeal was still pending.[1]

Hauersperger then prepared a federal petition for habeas relief pursuant to 28 U.S.C. § 2254, which was filed on August 13, 2002. That petition was denied because it was determined to be untimely according to the statute of limitations for habeas corpus proceedings. *See*

---

[1] Hauersperger claims that he currently has some sort of proceeding pending in state court, though its nature is unclear. *See* Docket No. 1 at page 9.

*Hauerspeger v. Cockrell*, Civ. Action No. B-02-234 (S.D. Tex. May 15, 2003) (note the difference in the spelling of Petitioner's name: Hauerspeger as opposed to Hauersperger).

On January 15, 2003, after the initial federal petition for habeas relief was filed but before a decision was issued in that case,[2] Hauersperger filed a second petition for habeas corpus relief in the Tyler Division of the Eastern District of Texas.[3] After it was determined that proper venue lay in the district where Hauersperger was convicted, the case was transferred to the Brownsville Division of the Southern District of Texas. That habeas petition was also denied as untimely. *See Hauersperger v. Director TDCJ-ID*, Civ. Action No. B-03-091 (S.D.Tex. Oct. 30, 2003). After receiving and scrutinizing Hauersperger's motion seeking permission to proceed in forma pauperis on appeal, this Court issued an order denying Petitioner's request. *See* Docket No. 5, Civ. Action No. B-03-091.[4]

On March 29, 2004, a third 28 U.S.C. § 2254 motion was received from Hauersperger and file stamped by the district clerk's office. As Hauersperger himself admits, the grounds stated as a basis for relief in his current habeas petition are the same as those he has previously raised on several occasions. *See* Docket No. 1 at pages 7-8.

## DISCUSSION[5]

---

[2] The District Judge issued her order adopting the Magistrate Judge's Report and Recommendation on May 15, 2003.

[3] When filing his second habeas petition, Hauersperger declared, under penalty of perjury, that he had never filed a federal habeas petition attacking his conviction for sexual assault. He similarly failed to note the existence of his first habeas petition when filing the habeas claim currently under consideration.

[4] Hauersperger's appeal of B-03-91 was recently dismissed for want of jurisdiction. *See Hauersperger v. TDCJ-ID*, 04-40382 (5th Cir. May 7, 2004).

[5] Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper. *United States v.*

3

A. *Successive Petitions.*

As noted above, the Court is herein considering Hauersperger's **third** Section 2254 petition. Therefore, the question of whether or not this Court may consider the Petitioner's claims because of the successive petition requirements found in the Antiterrorism and Effective Death Penalty Act's ("AEDPA") gatekeeping provision becomes of obvious importance. The Court notes that it chose not to treat Hauersperger's second habeas petition as "successive" because it was filed before a decision regarding his first habeas petition was rendered. *See, e.g., Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (holding that in order for habeas application to be "second or successive" within meaning of AEDPA, it must at minimum be filed subsequent to conclusion of proceeding that counts as first); *see also Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion of Powell, J., joined by Burger, C.J., and Rehnquist and O'Connor, J.J.) ("A 'successive petition' raises grounds identical to those raised **and rejected** on a prior petition"); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir.2001) ("before a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice").

Although Hauersperger does not discuss the issue of successiveness in his motion, the question of whether or not his petition is "successive" within the meaning of Section 2244 must be addressed because this Court's jurisdiction is implicated. *See Crone v. Cockrell*, 324 F.3d 833,

---

*Flores*, 135 F.3d 100, 1002 n.7 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846 (1999). Therefore, although the application of Section 2254 is at issue in this case, the Court will refer to cases involving Section 2255 as relevant to its analysis. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 864 n.4 (5th Cir. 2000). Similarly, this Court does not adhere to the linguistic "motion/petition" distinction in referring to the filing that a prisoner makes to begin proceedings under sections 2255 and 2254 (technically, a pleading filed under section 2255 is a "motion," while one filed under section 2254 is a "petition"). *Id.*

4

836 (5th Cir. 2003). In *United States v. Key*, the Fifth Circuit held that "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." 205 F.3d 773, 774 (5th Cir. 2000); *see also Crone*, 324 F.3d at 836.

It has been noted that the AEDPA does not define the phrase "second or successive" as it pertains to habeas applications, which has caused some difficulties for courts charged with determining whether a petition should be considered second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The Fifth Circuit has stated that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). "Rather, a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *Orozco-Ramirez*, 211 F.3d at 867 (quoting *In re Cain*, 137 F.3d at 235).

Hauersperger's petition currently under review unquestionably raises claims that were raised in an earlier petition; furthermore, it was filed after its predecessor was dismissed with prejudice by the district court. Therefore, the petition sub judice is a "successive or second" petition for AEDPA purposes. *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *see also Littlejohn*, 271 F.3d at 363 (holding that a petition is successive if filed after a predecessor was dismissed with prejudice); *Taylor v. Cockrell*, 2002 WL 32164480 at *1 (N.D.Tex. Dec. 23, 2002) (dismissing "successive" 2254 application for lack of jurisdiction after prior 2254 application was dismissed as time-barred).

28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2254, as amended by the AEDPA, provide

that a second or successive motion filed by a person attacking a sentence under § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Epps*, 127 F.3d 364 (5th Cir.1997); *see also In re Tolliver*, 97 F.3d 89, 90 (5th Cir.1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255); *see also generally Key*, 205 F.3d at 774 (5th Cir. 2000) (If Petitioner "filed a second habeas petition in the district court ... it would be immediately dismissed for lack of jurisdiction"). In *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996), the Supreme Court observed that the amendment to § 2244 "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b)."

Given the above discussion, it would seem that this court lacks jurisdiction to consider Hauersperger's § 2254 motion unless the Fifth Circuit Court of Appeals first grants him leave to file the same. Therefore, the § 2254 motion at issue should be dismissed for want of jurisdiction. Such a dismissal, however, should be without prejudice as to Defendant's right to file a motion for leave to file a second or successive § 2254 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals); *see also* Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2254; *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (recognizing a district court's authority under rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state).

B. *Sanctions Warning.*

As mentioned previously, this is the third federal habeas application Hauersperger has attempted to file. Despite previous rulings determining that such actions are time-barred, Hauersperger continues to pursue habeas relief. In addition to his three federal habeas actions, Hauersperger has filed two other civil cases as a prisoner: H-01-449 and H-01-922. Both cases were putative Section 1983 suits against staff members from prisons where he was being held. Ultimately, both suits were dismissed for want of prosecution. Although sanctions may not be appropriate at this time, because of his contumacious litigation history Petitioner should be cautioned that future frivolous filings may invite the imposition of sanctions and that, depending on the circumstances, the filing of additional habeas petitions or pleadings may constitute abuse of the writ.

## RECOMMENDATION

For the aforementioned reasons, this Court RECOMMENDS that the § 2254 motion at issue be DISMISSED for want of jurisdiction. Such a dismissal, however, should be WITHOUT PREJUDICE as to Defendant's right to file a motion for leave to file a second or successive § 2254 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). It is FURTHER RECOMMENDED that the Petitioner be CAUTIONED that future frivolous filings will invite the imposition of sanctions.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 14th day of June, 2004.

                                                        Felix Recio
                                          United States Magistrate Judge